# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY LEE HACKETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-322-GKF-TLW |
| | ) |
| DAVID PARKER, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner did not file a response to the motion. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court is unable to resolve the limitations issue on the record provided by the parties. Therefore, the parties shall file supplemental briefs as specified below.

## *BACKGROUND*

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2007-5435, Petitioner Troy Lee Hackett was convicted of First Degree Rape. On May 28, 2008, he was sentenced in accordance with the jury's recommendation to forty (40) years imprisonment. See Dkt. # 8, Ex. 1.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed June 15, 2009, in Case No. F-2008-546, the OCCA affirmed the Judgment and

Sentence of the trial court.¹ See Dkt. # 9, Ex. 3 (referring to date of direct appeal decision). Nothing in the record suggests Petitioner sought *certiorari* review in the United States Supreme Court.

On June 22, 2009, Petitioner filed a "pro se motion for suspended sentence." See Dkt. # 8, Ex. 1. The docket sheet for Petitioner's criminal case does not reflect entry of a ruling on that motion. On September 24, 2009, Petitioner filed a motion for transcripts at public expense. Id. That motion was denied by order filed November 6, 2009. Id.

On May 5, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 8, Ex. 1. On June 17, 2010, the district court denied the application. Id. Petitioner appealed. By order filed August 30, 2010, in Case No. PC-2010-689, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 8, Ex. 3.

On September 30, 2010, Petitioner filed a "motion to vacate void judgment and sentence" in the district court. See Dkt. # 8, Ex. 1. By order filed November 8, 2010, the district court denied Petitioner's motion. See Dkt. # 8, Ex. 4, attached order.

On December 3, 2010, Petitioner filed a petition for writ of habeas corpus at the OCCA. See Dkt. # 8, Ex. 4. By order filed February 11, 2011, in Case No. HC-2010-1140, the OCCA declined jurisdiction and dismissed the petition for writ of habeas corpus. See Dkt. # 8, Ex. 5.

On February 24, 2011, Petitioner filed another petition for writ of habeas corpus at the OCCA. See Dkt. # 8, Ex. 6. By order filed March 10, 2011, in Case No. HC-2011-133, the OCCA again declined jurisdiction and dismissed the petition. See Dkt. # 8, Ex. 7.

---

¹Neither Petitioner nor Respondent provides a copy of the OCCA's direct appeal opinion. As a result, the direct appeal opinion is not part of the record before the Court.

On May 24, 2011, the Clerk of Court received for filing Petitioner's federal petition for writ of habeas corpus (Dkt. # 1). Petitioner declares, under penalty of perjury, that he placed the petition in the prison mailing system on March 17, 2011. Id. at 33.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Petitioner's conviction became final on September 14, 2009, after the OCCA concluded direct review on June 15, 2009, and the 90 day time period for filing a petition for writ of *certiorari*

in the United States Supreme Court had lapsed.[2] See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on September 15, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after September 15, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The Clerk of Court received Petitioner's petition for filing on May 24, 2011.

On June 22, 2009, Petitioner filed a "pro se motion for suspended sentence." In seeking dismissal of this action, Respondent does not acknowledge the filing of the "pro se motion for suspended sentence." See Dkt. # 8. Because the motion is not part of the record before the Court and there is no record of a ruling on that motion, the Court is unable to determine whether Petitioner is entitled to tolling of the limitations period during the pendency of that motion. Therefore, Respondent will be directed to file a supplemental response in order to provide a copy of the motion, and any ruling by the state district court. Respondent shall also address whether, under Wall v. Kholi, 131 S. Ct. 1278 (2011), the motion has any impact on the federal limitations period.

Assuming without finding that the "pro se motion for suspended sentence" had no impact on the federal limitations period, the Court finds that if Petitioner is entitled to benefit from the prisoner mailbox rule, this petition may be timely. First, Petitioner is not entitled to tolling for the time his motion for transcripts at public expense was pending. The Tenth Circuit has held that such motions are not considered motions for collateral review that toll the limitations period under 28 U.S.C. § 2244(d)(2). May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003). Next, on May 5,

---

[2]Ninety (90) days after June 15, 2009, fell on September 13, 2009. Because September 13, 2009, was a Sunday, Petitioner had until Monday, September 14, 2009, to file a petition for writ of certiorari at the Supreme Court.

4

2010, or prior to expiration of the limitations period, Petitioner filed an application for post-conviction relief. Petitioner is entitled to statutory tolling from May 5, 2010, when he filed the application, until August 30, 2010, when the OCCA affirmed the denial of post-conviction relief, or for a total of 117 days. Therefore, Petitioner's habeas deadline was extended 117 days beyond September 15, 2010, or to January 10, 2011.

On September 30, 2010, or prior to the new deadline, Petitioner filed a "motion to vacate void judgment and sentence" in the state district court. By order filed November 8, 2010, the state district court adjudicated the motion as an application for post-conviction relief and denied the requested relief.[3] See Dkt. # 8, Ex. 4, attached order. In an appeal filed at the OCCA, Petitioner "repudiated post-conviction relief and ask[ed] instead for a writ of habeas corpus." See Dkt. # 8, Ex. 5 at 2. The OCCA addressed Petitioner's pleading as "bringing an original proceeding for the writ of habeas corpus" and dismissed the pleading after determining that it had not been filed in accordance with the procedures set forth in Section X, Rules of the Oklahoma Court of Criminal Appeals. See Dkt. # 8, Ex. 5. Based on the OCCA's ruling, the Court finds Petitioner is not entitled to tolling for the time the "petition for writ of habeas corpus" was pending at the OCCA because it was not "properly filed." See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (finding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). However, Petitioner is entitled to statutory tolling from September 30, 2010, when he filed his "motion to vacate void judgment and sentence," until December 8, 2010,

---

[3]In seeking dismissal of this petition, Respondent does not acknowledge that the state district court adjudicated Petitioner's "motion to vacate void judgment and sentence" as an application for post-conviction relief. See Dkt. # 8. As a result, Respondent fails to credit Petitioner with tolling for the time his motion was pending in the state district court.

5

or thirty (30) days after the state district court's denial of relief on November 8, 2010, or for a total of 69 days. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought a timely appeal under state law). Therefore Petitioner's habeas deadline was extended 69 days beyond January 10, 2011, or to March 20, 2011. Because March 20, 2011, fell on a Sunday, Petitioner's deadline for filing a timely petition for writ of habeas corpus was Monday, March 21, 2011.

Petitioner also filed a second petition for writ of habeas corpus at the OCCA. However, that petition was also dismissed based on Petitioner's failure to comply with state law, specifically, Rules 10.1(C)(3) and 10.6(A), Rules of the Oklahoma Court of Criminal Appeals. Therefore, the second petition was not "properly filed" and did not serve to toll the federal limitations period under § 2244(d)(2).

As stated above, the Clerk of Court received the petition for filing on May 24, 2011. See Dkt. # 1. However, the prisoner assisting Petitioner with preparation of his habeas petition avers, under penalty of perjury, that the petition was placed in "the prison mailing system" on March 17, 2011, or over two (2) months before it was received by the Clerk of Court. If the petition was in fact placed in the prison mailing system on March 17, 2011, then, under the prisoner mailbox rule, it was filed timely. Houston v. Lack, 487 U.S. 266, 276 (1988). The Tenth Circuit Court of Appeals has determined that "[a]n inmate can establish the date on which he or she gave the papers to be filed with the court to a prison official in one of two ways. First, if the prison has a legal mail system, the prisoner must use it as the means of proving compliance with the mailbox rule. The second mechanism for establishing a filing date for purposes of the mailbox rule . . . is to submit a

6

declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (internal quotations and citations omitted). In light of the disparity between the date Petitioner claims to have put the petition in the prison mailing system and the date it was received by the Clerk of Court, coupled with the significance of the date that the petition was placed in the prison mailing system, the Court shall require Petitioner to provide a copy of the outgoing legal mail log as maintained by his facility for the period March 14, 2011, through May 24, 2011, in order to prove his claim that he placed the petition in the mailing system on March 17, 2011. Petitioner shall provide the outgoing legal mail log within twenty-one days of the entry of this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within twenty-one (21) days of the entry of this Order, Respondent shall file a supplemental response to provide a copy of the "pro se motion for suspended sentence," filed by Petitioner on June 22, 2009, in Tulsa County District Court, Case No. CF-2007-5435, and any ruling by the state district court on that motion. Respondent shall also address whether, under Wall v. Kholi, 131 S. Ct. 1278 (2011), the motion has any impact on the federal limitations period.

2. Petitioner may file a supplemental reply to Respondent's supplemental response within fourteen (14) days after filing of the supplemental response.

3. Within twenty-one (21) days of the entry of this Order, Petitioner shall supplement the record by providing a copy of the outgoing legal mail log as maintained by his facility for the period from March 14, 2011, through May 24, 2011.

7

4. Respondent may file a reply to the supplemental record within fourteen (14) days after the filing of the supplemental record.

5. Should Petitioner fail to comply with this Order, the relief requested in the motion to dismiss may be granted. LCvR7.2(f).

DATED THIS 6th day of February, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma