# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY LEE HACKETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-322-GKF-TLW |
| | ) |
| DAVID PARKER, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner did not file a response to the motion. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). By Opinion and Order filed February 6, 2012 (Dkt. # 13), the Court determined that the motion to dismiss could not be resolved without supplementation of the record. On February 27, 2012, Respondent filed a supplemental brief in support of the motion to dismiss (Dkt. # 14). On March 22, 2012, Respondent filed a second supplemental response (Dkt. # 17). Upon review of the record, as supplemented, and for the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be denied.

## *BACKGROUND*

In the Opinion and Order filed February 6, 2012 (Dkt. # 13), the Court summarized the procedural background relevant to the limitations analysis. That background shall be repeated here and expanded with additional information provided by Respondent in the supplemental responses.

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2007-5435, Petitioner Troy Lee Hackett was convicted of First Degree Rape. On May 28, 2008, he was sentenced in accordance with the jury's recommendation to forty (40) years imprisonment. See Dkt. # 8, Ex. 1.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed June 15, 2009, in Case No. F-2008-546, the OCCA affirmed the Judgment and Sentence of the trial court.[1] See Dkt. # 9, Ex. 3 (referring to date of direct appeal decision). Nothing in the record suggests Petitioner sought *certiorari* review in the United States Supreme Court.

On June 22, 2009, Petitioner filed a "pro se motion for suspended sentence." See Dkt. # 8, Ex. 1. The docket sheet for Petitioner's criminal case does not reflect entry of a ruling on that motion. Id. On September 24, 2009, Petitioner filed a motion for transcripts at public expense. Id. That motion was denied by order filed November 6, 2009. Id.

On May 5, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 8, Ex. 1. On June 17, 2010, the district court denied the application. Id. Petitioner appealed. By order filed August 30, 2010, in Case No. PC-2010-689, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 8, Ex. 3.

On September 30, 2010, Petitioner filed a "motion to vacate void judgment and sentence" in the district court. See Dkt. # 8, Ex. 1. By order filed November 8, 2010, the district court denied Petitioner's motion. See Dkt. # 8, Ex. 4, attached order.

---

[1]Neither Petitioner nor Respondent provides a copy of the OCCA's direct appeal opinion. As a result, the direct appeal opinion is not part of the record before the Court.

On December 3, 2010, Petitioner filed a petition for writ of habeas corpus at the OCCA. See Dkt. # 8, Ex. 4. By order filed February 11, 2011, in Case No. HC-2010-1140, the OCCA declined jurisdiction and dismissed the petition for writ of habeas corpus. See Dkt. # 8, Ex. 5.

On February 24, 2011, Petitioner filed another petition for writ of habeas corpus at the OCCA. See Dkt. # 8, Ex. 6. By order filed March 10, 2011, in Case No. HC-2011-133, the OCCA again declined jurisdiction and dismissed the petition. See Dkt. # 8, Ex. 7.

On May 24, 2011, the Clerk of Court received for filing Petitioner's federal petition for writ of habeas corpus (Dkt. # 1). The last page of the petition bears the declaration of inmate Terry Childs. Id. at 33. Mr. Childs states that "due to illiteracy of Petitioner Troy Hackett," he "framed and drafted this Habeas Petition on the behalf of Mr. Hackett, [and] upon completion I read verbatim the Habeas Petition to Mr. Hackett, to ensure the same was true and correct to the best of Mr. Hackett['s] personal knowledge of the events and incidents." Id. Mr. Childs also states that the petition was executed and placed in the prison mailing system on March 17, 2011.[2] Id.

---

[2]Given the disparity between the date Mr. Childs avers the petition was placed in the prison mailing system, March 17, 2011, and the date the petition was filed of record by the Clerk of Court, May 24, 2011, the Court directed supplementation of the record to include the outgoing legal mail log as maintained by Petitioner's facility. See Dkt. #s 13, 16. On March 22, 2012, Respondent supplemented the record and provided the Affidavit of Kenya Sacket, an employee in the mail room at James Crabtree Correctional Center ("JCCC"). See Dkt. # 17, Ex. 1. Ms. Sacket states that she reviewed the outgoing legal mail log, as maintained at JCCC, and found no entries for either Petitioner Troy L. Hackett or Inmate Terry Childs for the period March 14, 2011, to May 24, 2011. Ms. Sacket further states that "all legal mail received in the mail room is logged and the outside of the envelope stamped with a red stamp that says 'Legal Mail.'" Id. The envelope in which Petitioner mailed his petition is not stamped "Legal Mail." Id., Ex. 2. Based on Ms. Sacket's Affidavit, the Court finds Petitioner did not use the prison mailing system to mail his petition to the Court, and, as a result, he is not entitled to benefit from the prisoner mailbox rule. His petition was filed May 24, 2011, upon receipt by the Clerk of Court.

3

## ANALYSIS

Respondent argues that this action should be dismissed as time-barred under 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of an application for post-conviction or other collateral review properly filed during the limitations period. § 2244(d)(2).

Petitioner's conviction became final on September 14, 2009, after the OCCA concluded direct review on June 15, 2009, and the 90 day time period for filing a petition for writ of *certiorari*

in the United States Supreme Court had lapsed.[3] See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on September 15, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after September 15, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The Clerk of Court received Petitioner's petition for filing on May 24, 2011.

The docket sheet for Case No. CF-2007-5435 reflects that on June 22, 2009, Petitioner filed a "pro se motion for suspended sentence." See Dkt. # 8, Ex. 1. As noted in the Opinion and Order filed February 6, 2012 (Dkt. # 13), the record provided by Respondent in support of the motion to dismiss did not contain a copy of the "pro se motion for suspended sentence." In addition, the state court record provided by Respondent did not reflect a ruling on that motion. As a result, the Court directed Respondent to supplement the record to provide those records and to address whether, under Wall v. Kholi, 131 S. Ct. 1278 (2011), the motion has any impact on the federal limitations period. See Dkt. # 13.

In the supplemental response (Dkt. # 14), Respondent provides a copy of the "pro se motion for suspended sentence," see Dkt. # 14, Ex. 1, and confirms that "[t]here is no indication in the docket of the case that the trial court ruled on the motion and a call to the Court Clerk's office did not find a ruling by the trial court." See Dkt. # 14 at 2 n.1. In addition, Respondent argues that Petitioner's motion for suspended sentence does not qualify as a motion for "collateral review," as defined by the Supreme Court in Wall, 131 S.Ct. 1286-87, and does not serve to toll the limitations

---

[3]Ninety (90) days after June 15, 2009, fell on September 13, 2009. Because September 13, 2009, was a Sunday, Petitioner had until Monday, September 14, 2009, to file a petition for writ of certiorari at the Supreme Court.

5

period under 28 U.S.C. § 2244(d)(2). Respondent focuses his argument on the distinction between motions requesting sentencing leniency and motions challenging the legality of a sentence. The Court is not persuaded by Respondent's argument.

In Wall, the Supreme Court held that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28 U.S.C. § 2244(d)(2). The Court defined the term "collateral review" broadly. See Najera v. Murphy, No. 11-8047, 2012 WL 453649 (10th Cir. Feb. 14, 2012) (unpublished)[4] (stating that "[b]ased on the Supreme Court's broad definition of collateral review, a motion for reduction of sentence under Wyoming law tolls the statue of limitations under § 2244(d)(2)").[5] First, the Supreme Court found that a proceeding is "collateral" if it is "separate from the direct review process." Wall, 131 S. Ct. at 1285. The Court concluded that "'collateral review' means a form of review that is not direct." Id. The Court further found that the term "'review' commonly denotes a 'looking over or examination with a view to amendment or improvement." Id. (quoting Kholi v. Wall, 582 F.3d 147, 153 (1st Cir. 2009)). The Court then determined that a motion filed under the Rhode Island law at issue was not part of the direct review process and "undoubtedly" called for review of the sentence. Id. at 1286. The Court stated that "[t]he decision to reduce a sentence, while largely within the discretion of the trial justice, involves judicial reexamination of the sentence to

---

[4]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

[5]In Najera, the State of Wyoming cited Baker v. McNeil, 439 Fed. Appx. 786 (11th Cir. 2011), and argued that the petitioner's motion for sentence reduction should not qualify as a motion for "collateral review" because it was a plea for mercy, not a motion to correct an illegal sentence. The Tenth Circuit rejected Wyoming's argument. In this case, the State of Oklahoma also cites Baker in support of its argument that Oklahoma's post-direct appeal sentence modification statutes should not qualify as motions for "collateral review." See Dkt. # 14 at 5.

6

determine whether a more lenient sentence is proper." Id. The trial justice's decision may then be evaluated by the Supreme Court of Rhode Island to determine whether a sentence is "without justification" and "grossly disparate from other sentences." Id. at 1286-87 (citation omitted). The Supreme Court concluded that "[t]his process surely qualifies as 'review' of a sentence with the meaning of § 2244(d)(2)." Id. at 1287.

The Court recognizes that, unlike the Rhode Island law at issue in Wall, Oklahoma law governing motions for suspended sentence or for judicial review does not provide for appellate review of a trial judge's ruling. However, that distinction does not alter the fact that trial court judges in Oklahoma "review" and have the authority to modify sentences pursuant to motions filed under Okla. Stat. tit. 22, §§ 982a and 994. The Court further recognizes Respondent's argument that the motion for a suspended sentence filed in this case under Okla. Stat. tit. 22, § 994, was a request for leniency as opposed to a challenge to the legality of Petitioner's sentence and, for that reason, should not qualify as a motion for "collateral review" under § 2244(d)(2). Significantly, however, the Supreme Court considered and rejected Rhode Island's arguments that the Court's prior opinions as well as other AEDPA provisions had restricted the precise phrase "collateral review" to refer to proceedings that challenge the lawfulness of a prior judgment. In addition, the Court described as "problematic" Rhode Island's interpretation of § 2244(d)(2) that would require federal habeas courts to separate motions for a reduced sentence into two categories, "those that challenge a sentence on legal grounds and those that merely ask for leniency." Id. at 1288. Yet, in this case, Respondent asks the Court to do just that, i.e., refuse to consider Petitioner's "pro se motion for suspended sentence"

as a motion for "collateral review" because it is a plea for leniency as opposed to a challenge to the legality of the sentence.[6] See Dkt. # 14.

In this case, based on the Supreme Court's rationale in Wall, the Court finds that the motion for suspended sentence filed under Okla. Stat. tit. 22, § 994, qualifies as a motion for "collateral review" and serves to trigger tolling of the one-year limitations period. Thus, Petitioner is entitled to tolling of the limitations period for the time the motion for suspended sentence remained pending. Unfortunately, the record contains no ruling on the motion. As a result, the Court is unable to determine with any degree of accuracy the length of time the limitations period was tolled. Although motions for suspended sentences and motions for judicial review filed in Tulsa County District Court are typically ruled on promptly, the Court is unwilling and unable to make assumptions in the absence of a record. Given Respondent's inability to determine if and when the motion for suspended sentence was ruled on, the Court cannot determine whether the one year limitations period expired before Petitioner filed his petition. Therefore, the motion to dismiss shall be denied. Respondent shall be directed to respond to the petition.

---

[6]Unlike the Rhode Island law analyzed in Wall, Oklahoma law provides separate statutory provisions for requesting post-direct appeal sentencing leniency, see Okla. Stat. tit. 22, §§ 982a and 994, and for post-direct appeal challenges to the legality of a sentence, see Okla. Stat. tit. 22, § 1080, et seq. Nonetheless, the Supreme Court determined that there was no need to draw a distinction between the two types of motions filed under the Rhode Island law. See Wall, 131 S.Ct. at 1287-88. Both types of motions, regardless of whether they seek sentencing leniency or challenge the legality of a sentence, qualify as motions for "collateral review" within the meaning of § 2244(d). Id.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **denied**.

2. Respondent shall file a **response** to the petition (Dkt. # 1) within thirty (30) days of the entry of this Order.

3. Petitioner may file a **reply** within thirty (30) days after the filing of Respondent's response.

DATED THIS 26th day of March, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT