# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TROY LEE HACKETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-CV-322-GKF-TLW** |
| | ) | |
| **JIM FARRIS, Warden,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 25) and provided the state court records necessary for resolution of Petitioner's claims (Dkt. ## 25, 26). Petitioner filed a reply (Dkt. # 38). For the reasons discussed below, the petition for writ of habeas corpus is denied.

## *BACKGROUND*

On July 31, 2006, Petitioner Troy Lee Hackett forced K.D., the fifteen-year-old daughter of his girlfriend, to have sexual intercourse. K.D. testified that, while she was alone with Petitioner, he shoved her down on a bed, forced her skirt up, pushed her panties aside and inserted his penis into her vagina. She unsuccessfully tried to get away, told him "no," and asked him to stop. K.D. said that Petitioner told her not to tell anybody. Because she was scared and embarrassed, K.D. did not tell anyone immediately after the incident. However, approximately two months later, K.D.'s mother said, "you look pregnant." She then told her mother what had happened. A pregnancy test

---

[1]Petitioner is currently in custody at Lexington Correctional Center, in Lexington, Oklahoma. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Jim Farris, Warden, is the proper respondent. Therefore, Jim Farris, Warden, is hereby substituted in place of David Parker, Warden, as the respondent in this case. The Court Clerk shall be directed to note the substitution on the record.

confirmed that she was pregnant. On April 6, 2007, K.D. gave birth to M.D. Law enforcement officials collected DNA samples from Petitioner, K.D., and M.D. The samples were tested and analyzed by Robert Allen, Ph.D. Dr. Allen found the probability that Petitioner is the biological father of M.D. is 99.9998%.

Based on those facts, Petitioner was charged, by Amended Information, with First Degree Rape, After Former Conviction of Two or More Felonies (AFCF), in Tulsa County District Court, Case No. CF-2007-5435.[2] (Dkt. # 26-7, O.R. at 22-26). At the conclusion of a two-stage trial, a jury found Petitioner guilty as charged and recommended a sentence of 40 years imprisonment. (Dkt. # 26-4, Tr. Vol. II at 354). On May 28, 2008, the trial court sentenced Petitioner in accordance with the jury's recommendation. (Dkt. # 26-6, Tr. Sentencing at 2-3). Attorney Brian Martin represented Petitioner at trial and at sentencing.

Petitioner, represented by attorney Jarrod Heath Stevenson, perfected an appeal to the Oklahoma Court of Criminal Appeals (OCCA). Petitioner raised six propositions of error, as follows:

Proposition 1: Mr. Hackett's conviction should be reversed and remanded for a new trial because he was denied a fair trial before an impartial judge in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article Two, Sections Six, Seven and Twenty of the Oklahoma Constitution.

Proposition 2: The trial court erred when it overruled defense counsel's objection to the admission of the sentence Mr. Hackett received in his previous felony convictions in violation of the Fifth and Sixth Amendments to the United States Constitution and Article Two, Sections Seven and Twenty of the Oklahoma Constitution.

---

[2]Petitioner was originally charged with Sexual Abuse of a Minor Child, AFCF. See Dkt. # 26-1 at 3. However, at the conclusion of the preliminary hearing, the judge granted the State's request to file an Amended Information to amend the charge to First Degree Rape, AFCF. Id. at 27.

Proposition 3: The improper conduct of the prosecutor deprived Mr. Hackett of a fair trial in violation of the Fifth and Fourteenth Amendments of the United States Constitution, Article Two, Sections Seven and Twenty of the Oklahoma Constitution.

Proposition 4: Mr. Hackett received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article Two, Section Twenty of the Oklahoma Constitution.

Proposition 5: Mr. Hackett received an excessive sentence in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article Two, Section Nine of the Oklahoma Constitution.

Proposition 6: The accumulation of errors deprived Mr. Hackett of a fair trial in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article Two, Section Seven of the Oklahoma Constitution.

(Dkt. # 25-1). In an unpublished Summary Opinion filed June 15, 2009, in Case No. F-2008-546, the OCCA affirmed Petitioner's Judgment and Sentence. (Dkt. # 25-3).

Next, Petitioner filed an application for post-conviction relief. He raised the following propositions of error, as stated by the district court,

Proposition 1: Hackett received ineffective assistance of appellate counsel for not raising an ineffective assistance of trial counsel [claim]. Hackett asserts the trial counsel was ineffective for failing to utilize potent impeachment evidence or engage in meaningful cross-examination.

Proposition 2: Hackett's appellate counsel was ineffective for failing to file a claim of factual innocence based upon evidence being insufficient to sustain a conviction for the crime of rape in the first degree, where the verdict and judgment are not substantiated by the evidence and is contrary to law.

Proposition 3: The appellate counsel was ineffective for failing to raise a claim of trial court's fundamental error by not informing the jury that Hackett would not be eligible for parole until he has served 85% of his sentence.

(Dkt. # 25-4 at 4). By order dated June 11, 2010, the trial court denied Petitioner's application for post-conviction relief. Id. Petitioner appealed the denial. (Dkt. # 25-5). On August 30, 2010, in

Case No. PC-2010-689, the OCCA affirmed the denial of the application for post-conviction relief.

(Dkt. # 25-6).

Petitioner also filed a "motion to vacate void judgment and sentence" in the state district court. <u>See</u> Dkt. # 25-7. The district court judge treated the motion as an application for post-conviction relief raising two claims, identified by the court as follows:

1. The trial judge exceeded her jurisdiction by finding Petitioner guilty of first degree rape in violation of Okla. Stat. tit. 21 § 1114 and sentencing him to a term of (40) years imprisonment.

2. Petitioner contends he should have been charged and convicted if at all of Okla. Stat. tit. 10 § 7115(E) because it was a more specific statute pursuant to the alleged criminal course of conduct of Petitioner.

(Dkt. # 25-7 at 5). By order filed November 8, 2010, <u>id.</u>, the state district court denied the motion. Petitioner appealed by filing a petition for writ of habeas corpus. <u>See</u> Dkt. # 25-8. By order filed February 11, 2011, in Case No. HC-2010-1140, the OCCA adjudicated the appeal, pursuant to Petitioner's request, as an original proceeding for the writ of habeas corpus, rather than as a post-conviction appeal. <u>See</u> Dkt. # 25-9 at 2. Because Petitioner failed to comply with state procedural rules applicable to extraordinary writs, the OCCA declined jurisdiction and dismissed the "petition for writ of habeas corpus." <u>Id.</u> at 2-3.

On February 24, 2011, Petitioner filed a second petition for writ of habeas corpus at the OCCA (Dkt. # 25-10). By Order filed March 10, 2011, in Case No. HC-2011-133, the OCCA found Petitioner had not complied with state procedural rules and, for that reason, declined jurisdiction and dismissed the petition for writ of habeas corpus. (Dkt. # 25-11).

On May 24, 2011, Petitioner filed his federal petition for writ of habeas corpus. (Dkt. # 1). In the petition, Petitioner raises eight (8) grounds for relief,

| | |
|---|---|
| Ground 1: | Judicial bias against Petitioner and partiality to the prosecution deprived Petitioner of a fair trial in violation of the 5th, 6th and 14th USCA. |
| Ground 2: | In violation of Petitioner's 5th and 6th USCA due process fair trial rights, the trial court erred in overruling defense objection to prejudicial admission of sentence[s] Petitioner received in prior felony convictions. |
| Ground 3: | Prosecutorial misconduct deprived/denied Petitioner a fair trial before an impartial judge, in violation of the 5th and 14th USCA. |
| Ground 4: | Petitioner's trial counsel provided ineffective assistance [in] violation of 6th and 14th USCA due process and counsel rights of Petitioner. |
| Ground 5: | Petitioner's punishment is excessive violating the 8th USCA. |
| Ground 6: | Petitioner's 14th USCA due process rights – statutory liberty interest – substantial law rights 21 § 11 where the State under the wrong penal code for crime charged convicted and punished. |
| Ground 7: | On direct appeal, appellate counsel's assistance was ineffective in violation of Petitioner's 14th USCA due process of law rights. |
| Ground 8: | The accumulation of errors deprived/denied Petitioner of a fair trial due process of law rights 5th and 14th USCA. |

(Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). By Opinion and Order filed March 26, 2012 (Dkt. # 18), the Court denied the motion to dismiss and directed Respondent to file a response to the petition. After the Tenth Circuit denied Respondent's motion to appeal under 28 U.S.C. § 1292(b), Respondent filed a response to the petition (Dkt. # 25). Respondent argues the OCCA's rulings on the claims raised in Grounds 1, 3, 4, 7, and 8 were not contrary to, or an unreasonable application of, federal law. (Dkt. # 25). Respondent also argues that Grounds 2 and 5 are state law matters and are not cognizable for habeas review. Id. Finally, Respondent argues that Ground 6 and parts of Grounds 4 and 7 are procedurally barred. Id.

***ANALYSIS***

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented Grounds 1, 2, 3, part of 4, 5, 6, part of 7, and 8 to the OCCA on direct or post-conviction appeal, or in his first petition for writ of habeas corpus. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to those claims. As discussed below, some of Petitioner's claims of ineffective assistance of trial and appellate counsel claims, raised in Grounds 4 and 7, have not been presented to the OCCA. However, in light of the procedural posture of this case, "there is an absence of available State corrective process" for those unexhausted claims and, for that reason, they are not precluded by the exhaustion requirement.[3]  28 U.S.C. § 2254(b)(1)(B)(i).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

---

[3]As discussed in Part C below, Petitioner's unexhausted claims of ineffective assistance of trial and appellate counsel, as well as the claim raised Ground 6, are procedurally barred and are denied on that basis.

362, 386 (2000); <u>Neill v. Gibson</u>, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. <u>See</u> <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002); <u>Hooper v. Mullin</u>, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." <u>White</u>, 134 S. Ct. at 1702 (citing <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" <u>Id.</u> (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011); <u>see also</u> <u>Metrish v. Lancaster</u>, 133 S. Ct. 1781, 1787 (2013)).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Richter</u>, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). <u>Id.</u> at 784; <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007). Here, the 28 U.S.C. § 2254(d) standards apply to those claims adjudicated by the OCCA on direct and post-conviction appeal.

### 1.      Judicial bias (Ground 1)

In Ground 1, Petitioner claims that the trial judge was biased against him.  (Dkt. # 1 at 5).
On direct appeal, Petitioner identified four (4) instances when the trial judge demonstrated bias: (1)
she denied a mistrial based on the prosecutor's reference to "Jehovah,"[4] (2) she allegedly assisted
the prosecutor in completing the chain of custody necessary for admission of DNA evidence, (3) she
allowed the prosecutor to recall two witnesses, and (4) she failed to enforce a stipulation between
the parties regarding the admissibility of the DNA evidence.  (Dkt. # 25-1 at 4).  The OCCA denied
relief on this claim, citing Alexander v. State, 48 P.3d 110, 114 (Okla. Crim. App. 2002), and finding
that "the record does not support Appellant's assertion that the trial court was biased against him."
(Dkt. # 25-3 at 2).

 "To demonstrate a violation of due process because of judicial bias, a claimant must show
either actual bias or an appearance of bias."  Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010)
(quoting United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005)) (internal quotation marks
omitted).  "The standard is purely objective, and [t]he inquiry is limited to outward manifestations
and reasonable inferences drawn therefrom."  United States v. Gambino–Zavala, 539 F.3d 1221,
1228 (10th Cir. 2008) (alteration in original) (quoting Nickl, 427 F.3d at 1298) (internal quotation
marks omitted).  In addition, "[a]lthough a judge's remarks during the course of a trial may be
'critical,' 'disapproving,' or 'hostile' to a party, usually they will not support a partiality charge."
Nickl, 427 F.3d at 1298 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).  "[J]udicial
rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S.

---

[4]During his opening statement, the prosecutor told the jury that the middle name of K.D.'s
baby is "Josiah," meaning "Jehovah heals."  See Dkt. # 26-3, Tr. Vol. I at 125.  The trial judge
sustained Defense counsel's objection, but denied his motion for a mistrial.  Id. at 125, 127.

at 555. "Thus, 'adverse rulings cannot in themselves form the appropriate grounds for disqualification.'" Nickl, 427 F.3d at 1298 (quoting Green v. Branson, 108 F.3d 1296, 1305 (10th Cir.1997)).

In his habeas petition, Petitioner contends that he was denied his right to an impartial tribunal based on rulings entered by the trial judge. Those allegations are insufficient to show actual bias or an appearance of actual bias. The trial judge's rulings cited above are not enough because "[a]dverse rulings alone do not demonstrate judicial bias." Bixler, 596 F.3d at 762. Nothing cited by Petitioner demonstrates actual bias or an appearance of bias. Thus, Petitioner has failed to demonstrate that he was deprived of due process and a fair trial by judicial bias and he is not entitled to habeas relief on Ground 1. 28 U.S.C. § 2254(d).

## 2.    Improper admission of sentences for prior felony convictions (Ground 2)

As his second proposition of error, Petitioner complains that the trial judge erred in admitting, over trial counsel's objection, evidence of sentences he received on his prior felony convictions in violation of his rights to due process and a fair trial. (Dkt. # 1 at 7). Petitioner raised this claim on direct appeal. The OCCA denied relief, citing Lee v. State, 738 P.2d 173, 176 (Okla. Crim. App. 1987), and finding that "the trial court did not abuse its discretion in allowing the State to prove Appellant's prior convictions through the introduction of his prior Judgments and Sentences which included the date and terms of his prior sentences." (Dkt. # 25-3 at 2).

"[E]rrors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law." Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990); see also Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on

state-law questions).  In a due process challenge to the admission of evidence, a habeas petitioner is not entitled to relief unless he can demonstrate that the evidence introduced is "so unduly prejudicial that it renders the trial fundamentally unfair."  Payne v. Tennessee, 501 U.S. 808, 825 (1991); see also Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002).

In this case, Petitioner's sentence of forty (40) years imprisonment was below the maximum sentence of life imprisonment allowed under state law in spite of the unredacted information given to the jury.  Petitioner provides no argument or authority to support a claim that his federal constitutional rights were violated, or that the OCCA's decision was an unreasonable application of Supreme Court law.  Petitioner's request for habeas corpus relief on Ground 2 shall be denied. 28 U.S.C. § 2254(d).

### 3.      Prosecutorial misconduct (Ground 3)

In Ground 3, Petitioner claims that prosecutorial misconduct deprived him of a fair trial before an impartial judge.  (Dkt. # 1 at 8).  Petitioner directs the Court's attention to his direct appeal brief where he cited to the prosecutor's allegedly (1) improper invocation of a religious reference during opening statement, (2) improper use of other bad acts evidence, (3) improper appeal for victim sympathy during closing argument, and (4) improper burden-shifting and comment on Petitioner's right to not present evidence during closing argument.  (Dkt. # 25-1 at 15).  The OCCA denied relief, finding that "most of the alleged instances of prosecutorial misconduct were not improper but rather fell within the broad parameters of effective advocacy and do not constitute error.  None of the alleged errors was so flagrant that it so infected the defendant's trial that it was rendered fundamentally unfair."  (Dkt. # 25-3 at 2 (citations omitted)).

"Prosecutorial misconduct can result in constitutional error if it 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" DeRosa v. Workman, 679 F.3d 1196, 1222 (10th Cir. 2012) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). "The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct." Bland v. Sirmons, 459 F.3d 999, 1024 (10th Cir. 2006). To determine whether a trial is rendered fundamentally unfair, the Court examines the entire proceeding, "including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase," as well as "[a]ny cautionary steps – such as instructions to the jury – offered by the court to counteract improper remarks." Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

a. **Improper invocation of religious references during opening statement**

On direct appeal, Petitioner complained that, during his opening statement, the prosecutor improperly told the jury that the middle name of K.D.'s baby, Josiah, means "Jehovah heals." (Dkt. # 25-1 at 16-17). Petitioner claims that he suffered prejudice as a result of the prosecutor's religious reference. In light of the strength of the evidence against Petitioner, the Court finds the prosecutor's

statement could not have plausibly tipped the scales in favor of the prosecution. Petitioner is not entitled to habeas relief on this claim.

### b. Improper use of other bad acts evidence

Next, Petitioner alleged on direct appeal that the prosecutor improperly introduced evidence of other bad acts when he asked K.D. about having been given some pills after learning she was pregnant. (Dkt. # 25-1 at 15-16). K.D. explained that her mother and Petitioner gave her pills to take to induce an abortion, but that the pills did not work and the baby was not aborted. See Dkt. # 26-3, Tr. Vol. I at 272-74. Upon review of the entire record, the Court finds that, in light of the strength of the evidence against Petitioner, the prosecutor's questions could not have plausibly tipped the scales in favor of the prosecution. Petitioner is not entitled to habeas relief on this claim.

### c. Improper appeal for victim sympathy

Petitioner also complained on direct appeal that during his closing argument, the prosecutor reminded the jury that Petitioner gave K.D. pills for the purpose of aborting the baby. See Dkt. # 25-1 at 17. Then, during his rebuttal closing argument, the prosecutor stated "[h]e raped that girl, a fifteen-year-old girl. He took from her what she will never get back. She deserves for the thirteen of you to give her justice." Id. "It is a hallmark of a fair and civilized justice system that verdicts be based on reason, not emotion, revenge, or even sympathy." Le, 311 F.3d at 1015. Here, there is no evidence that the jury based its verdict on anything but reason. While the prosecutor's comments, standing alone, arguably evoke sympathy, when viewed in context, the comments are reasonable inferences drawn from the evidence presented at trial. See Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2005). Petitioner has failed to demonstrate that the prosecutor's comments deprived him of a fair trial. Therefore, under 28 U.S.C. § 2254(d), the Court finds the OCCA's

decision was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. Habeas relief is not warranted

        **d.**       **Improper burden-shifting and comment on Petitioner's right to not present evidence during closing argument**

Lastly, on direct appeal, Petitioner complained that the prosecutor shifted the burden of proof during his rebuttal closing argument when he repeatedly characterized the evidence as the "only evidence that you have," thereby implying that Petitioner had not presented any evidence to contradict the State's evidence. (Dkt. # 25-1 at 18-19). The record reflects that, after defense counsel objected to the prosecutor's statements, the trial judge called counsel to the bench and directed the prosecutor to refrain from stating that the "only evidence" had been presented by the State. See Dkt. # 26-4, Tr. Vol. II at 318-19. When the prosecutor resumed his closing argument, he reminded the jury that "the defense doesn't have to say anything, do anything, put anything on, and they haven't. The burden rests with the State. I have the burden of presenting the evidence." Id. at 319. The Court finds that the prosecutor's statement served to cure any misunderstanding regarding the burden of proof and Petitioner's decision not to testify. Petitioner fails to demonstrate that his trial was rendered fundamentally unfair by the prosecutor's comments. He is not entitled to habeas relief on this claim.

        **4.**       **Ineffective assistance of trial counsel (Ground 4)**

As his fourth proposition of error, Petitioner claims that trial counsel provided ineffective assistance of counsel. (Dkt. # 1 at 10). In his petition, Petitioner identifies numerous instances of ineffective assistance of trial counsel, including counsel's failure (1) to investigate and prepare for trial; (2) to challenge the amendment of the charge from Sexual Abuse of a Minor Child under Okla. Stat. tit. 10, § 7115, to First Degree Rape under Okla. Stat. tit. 21, § 1114; (3) to challenge the

finality of his prior felony convictions; (4) to develop impeachment evidence from K.D.'s sister with regard to the element of force or fear; (5) to investigate medical records with regard to the victim's ingestion of pills to induce an abortion; (6) to consult with Petitioner with regard to his decision not to testify; (7) to request a continuance of the trial date after being appointed to represent Petitioner only 14 days prior to trial; (8) to request an instruction on the 85% Rule; (9) to seek recusal of the trial judge based on judicial bias; and (10) to object to prosecutorial misconduct. Id. at 10-20. On direct appeal, Petitioner cited only two instances of ineffective assistance of counsel: counsel's failure to request recusal of the trial judge based on alleged judicial bias, and counsel's failure to object to allegedly improper comments by the prosecutor.[5] (Dkt. # 25-1 at 21). The OCCA denied relief, citing Strickland v. Washington, 466 U.S. 668, 687 (1984), and Davis v. State, 123 P.3d 243, 246 (Okla. Crim. App. 2005), and finding that "Appellant was not denied his Sixth Amendment right to the effective assistance of counsel." (Dkt. # 25-3 at 3).

To be entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel as raised on direct appeal, Petitioner must demonstrate that the OCCA's adjudication of his claim was contrary to, or an unreasonable application of, Strickland, 466 U.S. 668. See 28 U.S.C. § 2254(d). "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Richter, 131 S. Ct. at 785 (quoting Williams v. Taylor, 529 U.S. at 410 (O'Connor, J. concurring)). "Under § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those

_____

[5]Petitioner's additional claims of ineffective assistance of counsel identified in Ground 4 are procedurally barred and are addressed in Part C, herein.

arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." Id.

Strickland sets out a two-pronged standard for review of ineffective assistance of counsel claims. A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." Richter, 131 S. Ct. at 792. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and

through the "deferential" lens of § 2254(d)).   Under <u>Strickland</u>, Petitioner "must show that

'counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable.'"

<u>Byrd v. Workman</u>, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting <u>Strickland</u>, 466 U.S. at 687).

Petitioner fails to make the necessary showing.

First, as discussed above, Petitioner has failed to demonstrate that the trial judge was biased.

As a result, trial counsel did not perform deficiently because there was no sound basis for seeking

recusal of the trial judge.   Next, trial counsel did not perform deficiently in failing to object to the

instances of alleged prosecutorial misconduct identified by Petitioner on direct appeal.   Furthermore,

even if counsel should have objected, Petitioner has failed to demonstrate that the outcome of his

trial would have been different.   Therefore, Petitioner fails to demonstrate that the OCCA's

adjudication of his claims of ineffective assistance of trial counsel was contrary to, or an

unreasonable application of, <u>Strickland</u>.   Petitioner is not entitled to habeas corpus relief on his

claims of ineffective assistance of trial counsel presented to the OCCA on direct appeal.   28 U.S.C.

§ 2254(d).

**5.     Excessive sentence (Ground 5)**

In Ground 5, Petitioner claims his sentence is excessive and violates the Eighth Amendment

of the United States Constitution.   (Dkt. # 1 at 22).   On direct appeal, Petitioner argued that,

although his sentence is within the range provided by law, it does not bear a direct relationship to

the nature and circumstances of the offense.   (Dkt. # 25-1 at 24).   The OCCA rejected this claim,

citing <u>Rea v. State</u>, 34 P.3d 148, 149 n.3 (Okla. Crim. App. 2001), and finding the "[t]he sentence

imposed does not shock the conscience of the Court and was not excessive."   (Dkt. # 25-3 at 3).

In 2003, the Supreme Court addressed the Eighth Amendment's cruel and unusual punishment clause in the context of a sentence for a term of years in two decisions: Lockyer v. Andrade, 538 U.S. 63 (2003), and Ewing v. California, 538 U.S. 11 (2003). In Lockyer, the Court found that, under the AEDPA's standard of habeas review, its Eighth Amendment jurisprudence included the "clearly established" federal legal principle that a "gross disproportionality principle is applicable to sentences for terms of years." Lockyer, 538 U.S. at 72. Similarly, in Ewing, the Supreme Court clearly stated that the Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing, 538 U.S. at 20 (quoting Harmelin v. Michigan, 501 U.S. 957, 996-997 (1991) (Kennedy, J., concurring in part and concurring in judgment)).

The OCCA did not expressly apply a "proportionality" standard in reviewing Petitioner's sentence. Rather, citing Rea, 34 P.3d at 149 (rejecting "proportionality" standard for review of criminal sentence because of "broad discretion" granted juries in Oklahoma to determine an appropriate sentence), the appellate court applied its well-recognized "shock the conscience" standard. See Maxwell v. State, 775 P.2d 818, 820 (Okla. Crim. App. 1989) (rejecting "proportionality" review for sentences other than "cases involving life sentences without the possibility of parole" and holding "when a sentence is within statutory limits, it will not be modified unless, after a review of all the facts and circumstances, the sentence is so excessive that it shocks the conscience of this Court"); see also Coates v. State, 137 P.3d 682, 685 (Okla. Crim. App. 2006) (applying "shock the conscience" standard to review consecutive sentences); Dufries v. State, 133 P.3d 887, 891 (Okla. Crim. App. 2006) (finding mandatory sentence of life imprisonment without possibility of parole and $50,000 fine for drug-related conviction after two prior drug-related

convictions did not shock the court's conscience).  In applying its "shock the conscience" standard, the OCCA routinely considers the same factors deemed relevant in a proportionality analysis.  Those factors include the circumstances of Petitioner's offense and Petitioner's recidivist history, the same factors relevant to a proportionality analysis.  See Ewing, 538 U.S. at 28-30.

Here, the second page of the Amended Information listed Petitioner's four prior felony convictions.  (Dkt. # 26-7, O.R. at 24).  The jury was instructed that if the State proved beyond a reasonable doubt that Petitioner was the same person previously convicted of two or more prior felonies, "[t]he punishment for RAPE–FIRST DEGREE after 2 or more previous convictions is imprisonment in the State penitentiary for a term of twenty (20) years to life."  Id. at 80; see also OKLA. STAT. tit. 21, §§ 51.1.  Clearly, Petitioner's forty year sentence is within the range of punishment allowed under Oklahoma's recidivist statute.  Furthermore, the circumstances of Petitioner's offense do not suggest that his forty year sentence is disproportionate.  Therefore, under the facts of this case, Petitioner has failed to demonstrate that the OCCA's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to habeas relief on Ground 5.

### 6.      Ineffective assistance of appellate counsel (Ground 7)

In Ground 7, Petitioner claims his appellate counsel was ineffective for (1) failing to raise on direct appeal additional claims of ineffective assistance of trial counsel, (2) failing to argue that Petitioner was charged under the wrong statute, (3) failing to argue that Petitioner was deprived of his right to testify in his own defense, and (4) failing to argue that Petitioner's sentence was improperly enhanced with convictions that were not final.  (Dkt. # 1 at 25-28).  On post-conviction appeal, Petitioner argued that appellate counsel provided ineffective assistance by (1) omitting a

claim that trial counsel provided ineffective assistance in failing to utilize "potent impeachment evidence or engage in meaningful cross-examination," (2) omitting a claim of actual or factual innocence, and (3) omitting a claim that the trial court erred in failing to instruct the jury on the applicability of the 85% Rule.[6] (Dkt. # 25-5 at 8-36). The OCCA affirmed the state district court's denial of post-conviction relief, finding as follows:

> To establish a claim of ineffective appellate counsel, Petitioner must show that counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish factual innocence. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698. Petitioner hasn't established why or how the outcome of his appeal would have or should have been different, and he hasn't established factual innocence. *Id.*

(Dkt. # 25-6 at 2).[7] Respondent argues the OCCA's decision is not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. (Dkt. # 25 at 41).

In this habeas action, Petitioner is not entitled to relief on his claim of ineffective assistance of appellate counsel unless he demonstrates that the OCCA unreasonably applied <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under the familiar constitutional standard set forth in <u>Strickland</u>, Petitioner must demonstrate that his counsel's performance was deficient and that the deficient

---

[6]Petitioner's additional claims of ineffective assistance of appellate counsel identified in Ground 7 are procedurally barred and are addressed in Part C, herein.

[7]The Court is puzzled by the OCCA's statement of the standard used to analyze an ineffective assistance of appellate counsel claim. The two-part test set forth by the Supreme Court in <u>Strickland</u> requires a petitioner to show that his "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 669. The test for ineffective assistance of counsel does not include an alternative showing of factual innocence. Nevertheless, in this case, the Court will afford § 2254(d) deference to the OCCA's ruling based on that court's finding that Petitioner failed to establish that the outcome of his appeal would have been different, as required to satisfy the prejudice prong of <u>Strickland</u>. (Dkt. # 25-6 at 2).

performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing

to raise an issue on direct appeal, the court first examines the merits of the omitted issue. Hawkins

v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). The Tenth Circuit has explained that,

> [i]f the omitted issue is so plainly meritorious that it would have been unreasonable
> to winnow it out even from an otherwise strong appeal, its omission may directly
> establish deficient performance; if the omitted issue has merit but is not so
> compelling, the case for deficient performance is more complicated, requiring an
> assessment of the issue relative to the rest of the appeal, and deferential consideration
> must be given to any professional judgment involved in its omission; of course, if the
> issue is meritless, its omission will not constitute deficient performance.

Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (footnote omitted) (citation omitted); see

also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998).

After a review of the record and the underlying merits of the ineffective assistance of

appellate counsel claim, the Court finds that Petitioner has failed to demonstrate that any "omitted

issue [was] so plainly meritorious that it would have been unreasonable to winnow it out ." Cargle,

317 F.3d at 1202. The Court will discuss each claim below.

### a.    Trial counsel's failure to utilize "potent impeachment evidence"

On post-conviction appeal, Petitioner claimed that appellate counsel should have raised a

claim that trial counsel was ineffective for failing to "utilize potent impeachment evidence or engage

in meaningful cross-examination" of the victim. (Dkt. # 25-5). In support of this claim, Petitioner

attached copies of two witness statements provided to the Tulsa Police Department. Id. at 37, 38.

The first statement was provided by the victim's mother, Anetria Gilbert. Ms. Gilbert stated that

K.D. told her that "Troy and her [sic] had sex, she said she did it to get back at me . . . [H]e said he

was drunk. When he relized [sic] what he was doing he got up. He said she did not refuse, she said

she did it out of anger. He's been my boyfriend since May, 06." <u>Id.</u> at 37. The second statement was provided by K.D. and mirrors, in large part, her trial testimony. <u>Id.</u> at 38.

Counsel is presumed to have acted in an "objectively reasonable manner" and in a manner that "might have been part of a sound trial strategy." <u>Bullock v. Carver</u>, 297 F.3d 1036, 1046 (10th Cir. 2002). Where the facts establish that decisions made by counsel were, in fact, "strategic choices made after thorough investigation of law and facts relevant to plausible options," those decisions are "virtually unchallengeable." <u>Strickland</u>, 466 U.S. at 690. However, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." <u>Id.</u> at 690-91. Once a decision is determined to be strategic, a petitioner may only establish deficient performance if "the choice was so patently unreasonable that no competent attorney would have made it." <u>Bullock</u>, 297 F.3d at 1046 (citations and internal quotes omitted). Decisions regarding impeaching witnesses and introducing evidence are "quintessentially" matters of trial strategy and tactics. <u>Boyle v. McKune</u>, 544 F.3d 1132, 1139 (10th Cir. 2008); <u>Boyd</u>, 179 F.3d 904, 915 (10th Cir. 1999); <u>see also</u> <u>Strickland</u>, 466 U.S. at 699.

The record reflects that Petitioner's trial counsel thoroughly cross-examined the victim. (Dkt. # 26-3, Tr. Vol. I at 278-91). Furthermore, as stated above, the victim's statement to police was consistent with her trial testimony and would not have impacted her credibility. As to Petitioner's claim regarding the mother's statement given to police, the victim's mother did not testify at trial.[8] Thus, while counsel could have asked the victim about her relationship with her

---

[8]Petitioner does not claim that trial counsel provided ineffective assistance in failing to call the victim's mother as a witness at trial.

mother, he could not use the mother's statement to police to impeach the victim's credibility because the statement was inadmissible hearsay.  Under the facts of this case, trial counsel's performance was not deficient with respect to the "impeachment evidence" identified by Petitioner on post-conviction appeal.  Furthermore, Petitioner fails to satisfy the prejudice prong of <u>Strickland</u>.  Petitioner is not entitled to habeas relief on this claim.

### b.    Failure to raise a claim of actual or factual innocence

On post-conviction appeal, Petitioner claimed appellate counsel failed to raise a claim of "actual or factual innocence based upon the evidence being insufficient to sustain a conviction for the crime of Rape in the First Degree." (Dkt. # 25-5 at 29).  Petitioner argued that the State failed to corroborate the victim's testimony that he forced her to have sex with him.  <u>Id.</u>

In light of the record before the Court, Petitioner cannot show the outcome of the trial would have been different had appellate counsel raised this claim.  The OCCA considers challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  <u>Spuehler v. State</u>, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 316 (1979)).  Petitioner admits he had sexual intercourse with the victim who was under the age of 16, but claims she consented, making him guilty of Sexual Abuse of a Minor Child under Okla. Stat. tit. 10, § 7115 (since renumbered as Okla. Stat. tit. 21, § 843.5).  Even if Petitioner demonstrated that the victim consented, he would be guilty of Second Degree Rape under Okla. Stat. tit. 21, §§ 1111(A)(1), 1114(B).  However, the victim expressly denied that she told Petitioner it was okay to have sex with her.  <u>See</u> Dkt. # 26-3, Tr. Vol. I at 269. She also testified that she unsuccessfully tried to get away from Petitioner, that she was fighting with

him, that she told him "no," that she asked him to stop, and that he forced her legs open. Id. at 261-69. That evidence was sufficient to convict Petitioner of First Degree Rape. Therefore, Petitioner's challenge to the sufficiency of the evidence lacks merit and appellate counsel did not perform deficiently in omitting the claim on direct appeal. Furthermore, Petitioner fails to satisfy the prejudice prong of Strickland. Petitioner is not entitled to habeas relief on this claim.

### c. Failure to challenge lack of jury instruction on 85% Rule

Petitioner also claimed on post-conviction appeal that appellate counsel was ineffective for failing to challenge the trial court's omission of an instruction on the 85% Rule. (Dkt. # 25-5 at 34). The record clearly refutes Petitioner's claim. The trial judge did, in fact, issue an instruction on the 85% Rule. (Dkt. # 26-7, O.R. at 82). In addition, during his closing argument, Petitioner's trial counsel explicitly told the jury that the 85% Rule applied in this case and gave a thorough explanation of how Petitioner's sentence would be administered under the 85% Rule. See Dkt. # 26-4, Tr. Vol. II at 350-51. Thus, Petitioner's claim is patently without merit. Appellate counsel did not perform deficiently in failing to raise a meritless claim. Furthermore, Petitioner fails to satisfy the prejudice prong of Strickland. Petitioner is not entitled to habeas relief on this claim.

To summarize, for the reasons discussed above, Petitioner fails to show that appellate counsel performed deficiently or, had appellate counsel raised the omitted claims on direct appeal, the outcome of the appeal would have been different. Therefore, Petitioner fails to show that the OCCA's decision was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. Habeas corpus relief is denied on Petitioner's Ground 7 claims of ineffective assistance of appellate counsel as raised on post-conviction appeal.

### 7. Cumulative error (Ground 8)

In Ground 8, Petitioner claims that the accumulation of errors deprived him of a fair trial. (Dkt. # 1 at 29). The OCCA denied relief on this claim, citing DeRosa v. State, 89 P.3d 1124, 1157 (Okla. Crim. App. 2004), and finding that "[t]he errors alleged, considered both singly and cumulatively, do not require relief because they did not render his trial fundamentally unfair or taint the jury's verdict." (Dkt. # 25-3 at 3).

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing Rivera, 900 F.2d at 1471). "In the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such errors will suffice to permit relief under cumulative error doctrine only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness." Matthews v. Workman, 577 F.3d 1175, 1195 n.10 (10th Cir. 2009) (internal quotation omitted). "[T]he task 'merely' consists of 'aggregat[ing] all the errors that have been found to be harmless' and 'analyz[ing] whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless.'" Grant v. Trammell, 727 F.3d 1006, 1025 (10th Cir. 2013) (quoting Rivera, 900 F.2d at 1470). "Only if the errors 'so fatally infected the trial that they violated the trial's fundamental fairness' is reversal appropriate."

Id. (quoting Matthews, 577 F.3d at 1195 n.10). "[A]ll a defendant needs to show is a strong likelihood that the several errors in his case, when considered additively, prejudiced him." Id. at 1026.

In this case, the Court did not find two or more actual errors. As a result, there is no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). For that reason, Petitioner's request for habeas corpus relief on Ground 8 shall be denied.

**C.   Procedural Bar (Ground 6 and parts of Grounds 4 and 7)**

In Ground 6, Petitioner claims he was charged under the wrong statute. (Dkt. # 1 at 24). That claim was first presented to the OCCA in Petitioner's state petition for writ of habeas corpus. (Dkt. # 25-8). The OCCA declined jurisdiction and dismissed the petition based on Petitioner's failure to comply with Rule 10.3, Rules of the Oklahoma Court of Criminal Appeals (requiring that a petition for extraordinary relief and brief in support reflect service on the adverse party). (Dkt. # 25-9). In part of Ground 4, Petitioner raises claims of ineffective assistance of trial counsel that were not raised on direct appeal or have never been presented to the OCCA. (Dkt. # 1 at 10-21). In part of Ground 7, Petitioner raises claims of ineffective assistance of appellate counsel that were not raised on post-conviction appeal or have never been presented to the OCCA. Id. at 25-28. Respondent argues that all of these claims are procedurally barred. (Dkt. # 25).

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and

actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural default to these facts, the Court finds the OCCA's procedural bar is "independent" because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In addition, the procedural bar imposed on Ground 6 is "adequate" to preclude federal habeas corpus review. Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998); see also Campbell v. Province, 2008 WL 268186 (E.D. Okla. Jan. 29, 2008) (unpublished)[9] (finding procedural bar based on OCCA's Rule 10.3 to be independent and adequate). Furthermore, Petitioner's ineffective assistance of trial and appellate counsel claims raised in Grounds 4 and 7 that were not raised on direct or post-conviction appeal[10] or have never been presented to the OCCA are subject to an anticipatory procedural bar

---

[9]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[10]Significantly, Petitioner did not raise any claims of ineffective assistance of trial counsel on post-conviction appeal. However, as discussed in Part B(6), he did raise three claims of ineffective assistance of appellate counsel. See Dkt. # 25-5 at 5, 8-36.

based on state law grounds "independent" and "adequate" to preclude federal habeas corpus review.[11]

This Court may not consider Petitioner's procedurally barred claims unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The "fundamental miscarriage of justice" exception to a procedural bar applies "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 495-96; Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); Schlup v. Delo, 513 U.S. 298 (1995). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner attributes his failure to raise Ground 6 and his defaulted claims of ineffective assistance of trial counsel identified in Ground 4 to the ineffectiveness of appellate counsel. (Dkt. # 1 at 10, 24). It is well established that in certain circumstances, appellate counsel's ineffectiveness can constitute cause sufficient to excuse a state prisoner's procedural default. See Carrier, 477 U.S.

---

[11]An "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007).

at 488-89.  However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  On post-conviction appeal, Petitioner argued that appellate counsel provided ineffective assistance in failing to raise three claims on direct appeal and the OCCA denied the claim on the merits.  The Court reviewed the matter in Part B(6), above, and determined that Petitioner failed to show that the OCCA's decision was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court.  Thus, ineffective assistance of appellate counsel cannot serve as cause to overcome the procedural bar applicable to the three claims underlying the ineffective assistance of appellate counsel claims raised on post-conviction appeal.

Furthermore, a claim of ineffective assistance of appellate counsel for failure to raise the Ground 6 claim has never been presented to the OCCA and is itself procedurally barred.  As a result, ineffective assistance of appellate counsel cannot serve as cause to overcome the procedural bar applicable to Ground 6.  Edwards, 529 U.S. at 453.  Also, any claim of ineffective assistance of appellate counsel for failing to raise the additional claims of ineffective assistance of trial counsel raised in Ground 4 has not been presented to the OCCA and is itself procedurally barred.  As a result, ineffective assistance of appellate counsel cannot serve as cause to overcome the procedural bar applicable to the additional claims of ineffective assistance of trial counsel raised in Ground 4. Id.

As to the defaulted claims of ineffective assistance of appellate counsel raised in Ground 7, Petitioner attributes his failure to raise the claims to "[l]iteracy [sic] of the Petitioner and inability to obtain assistance to properly litigate on Petitioner's behalf."  (Dkt. # 1 at 26).  Courts have held

that illiteracy and unfamiliarity with the legal system are not external factors sufficient to excuse a procedural default. See Weeks v. Bowersox, 106 F.3d 248, 250 (8th Cir. 1997) (illiteracy insufficient to excuse default); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988) (pro se status and language barrier insufficient to excuse procedural default); cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Therefore, the Court finds Petitioner fails to demonstrate "cause" sufficient to overcome the procedural bar applicable to his defaulted claims of ineffective assistance of appellate counsel.

Petitioner may also overcome the procedural bar under the fundamental miscarriage of justice exception. The fundamental miscarriage of justice exception applies only when a petitioner asserts a claim of actual innocence. Herrera, 506 U.S. at 403-404; Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup, 513 U.S. 298. To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted).

Petitioner asserts that he is actually and factually innocent of the crime of which he was convicted. However, his claim is a claim of legal innocence as opposed to actual innocence. Furthermore, Petitioner presents no new evidence in support of his claim of actual innocence. Therefore, the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if the merits of his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Ground 6, the ineffective assistance of counsel claims omitted from direct appeal raised in Ground 4, and the ineffective assistance of appellate counsel claims omitted from post-conviction appeal raised in Ground 7. Coleman, 510 U.S. at 724. Habeas corpus relief shall be denied on those claims on that basis.

**D.      Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). As to the claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the claims on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1. The Court Clerk shall note on the record the substitution of Jim Farris, Warden, in place of David Parker, Warden, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 25th day of September, 2014.


GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT